STATE ex rel. BUCY, Relator, v. DISTRICT COURT OF FIFTH JUDICIAL DISTRICT, et al., Respondents.

No. 9133.

Submitted March 6, 1952. Decided March 20, 1952.

241 Pac. (2d) 1167.

564

Messrs. Maury & Shone, Butte, Messrs. Collins & Burns, Dillon, for appellant.

Messrs. Gilbert & Gilbert, Dillon, Mr. Howard M. Lewis, Bozeman, for respondents.

District Judge Lyman H. Bennett, Virginia City, pro se.

Mr. John Collins, Mr. W. G. Gilbert and Mr. W. G. Gilbert, Jr., and Mr. Lewis and Judge Bennett argued the case orally.

PER CURIAM.

Mandamus. Original proceeding. The relator, Louie Bucy, petitioned for a writ to require respondents to order the calling, drawing and attendance of a trial jury for the trial of civil cause No. 5701, entitled Louie Bucy v. Monroe W. Bucy, then pending and at issue in the district court of Beaverhead county and commanding the setting of such case for trial.

Relator's petition represents: That on June 1, 1950, relator commenced in the respondent district court an action to recover $12,220 together with interest and costs for work and labor performed by him for the defendant Monroe W. Bucy at the latter's special instance and request; that on August 10, 1950, defendant answered to which relator made reply on August 17, 1950, whereupon the case became at issue and ready for trial; that on January 16, 1951, relator filed and presented

to the respondent court a written request that a jury be impaneled at the earliest possible date for the trial of the cause; that a term of court was duly and regularly held subsequent to the filing of relator's request but that no jury was summoned to attend and that no jury attended upon the said court from the time of the commencement of relator's case in the district court to the date of the filing of his petition in this court; that on May 14, 1951, the respondent district judge was disqualified by an affidavit made and filed against him by relator's counsel, whereupon the respondent judge made an order calling in the Honorable W. W. Lessley, district judge of the eighteenth judicial district to preside at the trial of relator's case; that Judge Lessley accepted jurisdiction and notified relator that he was willing to try relator's case at any time that a jury should be called and, that at the time of the filing of relator's petition, one full year had passed without the attendance of a trial jury upon the respondent district court for the trial of either criminal or civil cases.

Upon the reading and filing of relator's petition this court made an *ex parte* order for the issuance of an alternative writ to be served upon respondents and returned on a day certain. By further order the return date was extended and at the time so fixed respondents, represented by counsel, filed and presented to this court their report, return and answer,—oral arguments were heard and briefs filed on behalf of both relator and respondents.

Thereafter respondents by supplemental return and answer reported and represented to this court that within ten days following the hearing and oral argument on the alternative writ and return thereto, the respondent judge called a trial jury and set for trial all cases, both civil and criminal then at issue and ready for trial, said jury term to begin ten days from the date of said order; that at said term all criminal cases were first set for trial and the civil cases were assigned for trial on subsequent dates; that relator's case No. 5701 was duly set for trial at such term; that a jury was duly and regularly

called and drawn pursuant to the order of the respondent district judge; that within thirty days after respondents made and filed their return to the alternative writ, a jury, after trial had in the respondent district court, with Judge Lessley presiding, returned a verdict in favor of the defendant in case No. 5701, and that judgment in accordance with such verdict was entered for the defendant Monroe W. Bucy and against the plaintiff Louie Bucy.

It appearing that after being served with the alternative writ so issued out of this court respondents acted promptly and in accordance therewith and without awaiting the final disposition by this court of the instant proceeding and that the issues in case No. 5701 have been fully determined by the verdict of a jury and by the judgment entered on such verdict it is ordered that this proceeding be and it is dismissed.